# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

MIKE WILSON 95-a-0866,

Plaintiff,

-vs-

LT. PAUL A. HENDEL, SGT RAYMAND R. HAUCK,
C.O. GARY J. PIESCZYNSKI, C.O. DALE
SPENCER, C.O. CHARLES T. BREW, C.O. JAMES
W. HOLTZ, AND C.O. ROBERT HANSEN,

Defendants.

DECISION AND
ORDER
00-CV-6458-CJS(F)

---

| | |
|---|---|
| For Plaintiff: | Mike Wilson 95-A-0866, *pro se*<br>Marcy Correctional Facility<br>Box 3600<br>Old River Road<br>Marcy, NY 13403 |
| For Defendants: | Gary M. Levine, A.A.G.<br>New York State Attorney General's Office<br>New York State Department of Law<br>144 Exchange Boulevard, Suite 200<br>Rochester, NY 14614<br>(585) 546-7430 |

## INTRODUCTION

**Siragusa, J.** Plaintiff alleged in a pro se civil rights complaint that defendants assaulted him, failed to stop or prevent the assault, or failed to provide adequate medical attention, all contrary to his Eighth Amendment constitutional right to be free from cruel and unusual punishment. The case is now before the Court on Plaintiff's motion for appointment of *pro bono* counsel. For the reasons stated below, the application is denied and the case is set down for a jury trial.

## PROCEDURAL BACKGROUND

The Court entered a Decision and Order denying summary judgment on April 6, 2005, and determined the case was ready for trial. However, upon proper application by the defense, the Court stayed the case as a result of the active military service of a key witness, Correction Officer Dale Spencer ("Spencer"). 50 App. U.S.C.A. § 522(b) (2008). The stay was lifted on July 1, 2008, and on September 12, 2008, Defendants' counsel moved for a second stay based, again, on Spencer's active military service. (Doc. 77.) On March 27, 2009, counsel filed a declaration to which he attached a letter from Spencer's commanding officer, Colonel Leonard C. Hawkins. Colonel Hawkins asked that trial be postponed until after May 2009 to allow Master Sergeant Spencer to complete his tour of duty. (Doc. No. 84, Ex. A.)

Before the Court ruled on the motion for a stay, Plaintiff requested on April 1, 2009, an extension to file an application for the appointment of counsel. (Doc. No. 85.) The Honorable Jonathan W. Feldman, U.S. Magistrate Judge, to whom this case had been referred for pretrial nondispositive matters, granted Plaintiff's application and set a deadline of April 23, 2009. (Doc. No. 86.) Plaintiff filed his motion on April 15, and on September 25, filed another motion, seeking a hearing, which Judge Feldman granted. (Doc. No. 89.) Judge Feldman held a telephone conference on October 29, 2009, and on November 20, 2009, issued a Decision and Order denying Plaintiff's application to appoint counsel, finding no reason to depart from the undersigned's earlier decision (Doc. No. 66) to deny the appointment of counsel. (Doc. No. 92.)

On November 30, 2009, the undersigned held a pretrial conference by video connection and, based on Plaintiff's arguments at the conference, set January 29, 2010,

2

for Plaintiff to again request appointment of counsel and to explain the change in circumstances which entitled him to counsel. The Court issued a detailed order to Plaintiff which included the following language:

> Plaintiff represented that he is unable to use a law library where he is currently housed. Accordingly, the Court specifically advises Plaintiff that although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the Court *may* appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). In that regard, assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel include the following:
>
> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.
>
> *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

(Doc. No. 96.) On December 9, 2009, Plaintiff filed his application (Doc. No. 95), which included this argument in support of his application:

> I suffer from a mental illness my medication work[s] sometimes and at other times it does not. I am diagnosed with bi-polar disorder with psychotic

feature, this in addition to me being a layman and having this mental disorder will get in the way of me comprehending anything with regards to the proceeding.

I am presently housed in a mental institution and I have no access to my property, law library, nor any legal material. I was informed that I am going to be here a long time. For the reasons stated on the above lines I humbly ask the court to accept this letter as a formal request, an[d] appoint me counsel.

### STANDARD OF LAW

At the outset,[1] when considering the appointment of *pro bono* counsel, the Court must determine whether Plaintiff has made, "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986). Plaintiff alleges in his complaint that on April 30, 1999, C.O. Gary J. Piesczynski ("Piesczynski"), C.O. Dale Spencer ("Spencer"), C.O. Charles T. Brew ("Brew"), C.O. James W. Holtz ("Holtz"), and C.O. Robert Hansen ("Hansen") grabbed his limbs and body, twisting his ankle and wrist, which resulted in nerve damage. Plaintiff also states that Spencer knelt on his neck until he lost consciousness. Additionally, he alleges that Holtz and Hansen subjected him to a humiliating and degrading sexual assault that caused him physical pain and severe mental trauma. Plaintiff further alleges that Lt. Paul A. Hendel ("Hendel") and Sgt. Raymand R. Hauck ("Hauck") were present during the assaults and did nothing to prevent or stop them. He further claims that Hendel sprayed chemical agents into his cell, and that both Hendel

---

[1]This case does not present the issue of whether Plaintiff can afford to hire counsel. *Cf. Klos v. Astrue*, No. 09-CV-3039 (ARR), 2010 U.S. Dist. LEXIS 3696, *1–*2 (E.D.N.Y. Jan. 19, 2010) ("In ruling on a motion for appointment of counsel, the court's first inquiry is whether plaintiff can afford to obtain counsel.").

and Hauck watched the other officers beat him. Plaintiff also contends that after the alleged assaults, Nurse M. Beitz[2] did not treat his injuries. The allegations in the complaint, if true, could adequately prove a prima facie case of excessive force.

Once, as here, the threshold showing has been made, the Court must consider other factors:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented…, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003) (applying the *Hodge* factors); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (same). "Volunteer lawyer time is a precious commodity," *Cooper*, 877 F.2d at 172. In this case, although Plaintiff asserts he suffers from "bi-polar disorder with psychotic feature," he presents no factual basis for his conclusion that "having this mental disorder will get in the way of me comprehending anything with regards to the proceeding." The matter is not complex, and the legal issues involved are straight forward and capable of easy understanding without legal training. Moreover, Plaintiff previously prosecuted a different case, also alleging excessive force and denial of medical care. In its Decision and Order denying appointment of counsel in that case, the Court wrote:

> In this case, plaintiff's claims are likely to be of substance, inasmuch as they have survived a dispositive motion, and plaintiff has investigated the facts of his case through discovery. Conflicting evidence implicating the need for cross-examination will likely be the major proof presented to the fact finder, since the case will primarily consist of plaintiff testifying that

---

[2]The nurse's first name is not included in the complaint.

defendants assaulted him, and defendants testifying that they did not assault him. However, the issues in the case are not complex, and plaintiff has shown through the course of this litigation that he is capable of representing himself at trial.

Decision and Order, *Wilson v. Cleveland*, No. 01-CV-6371-CJS (W.D.N.Y. Apr. 13, 2005), at 2. The Court notes that, in the trial of that matter, although he was unsuccessful in obtaining judgment, the Plaintiff ably represented himself. With regard to access to his property, the Court will direct counsel for the defendants to arrange for that, and for access to a law library as well.[3]

## CONCLUSION

In view of the above, the Court denies Plaintiff's motion (Doc. No. 95) for appointment of *pro bono* counsel. Further, the Court directs defense counsel to ensure that Plaintiff is provided access to his legal papers and to such law library materials necessary for the preparation of his case. The Court will issue a separate order setting a trial date.

IT IS SO ORDERED.

Dated:   October 3, 2011
            Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[3]The Court issued a motion scheduling order on December 16, 2009 (Doc. No. 96), directing defense counsel to respond by January 15, 2010. No response was ever received.